IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PAMELA THOMPSON<br>and JOHNNY SPANNAGEL,<br><br>    Plaintiffs,<br><br>VS.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE CO.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§   Case No. 4:13CV177<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PARTIAL DISMISSAL OF PLAINTIFFS' CLAIMS**

Now before the Court is Defendant State Farm's Rule 12(b)(6) Motion for Partial Dismissal for Failure to State a Claim (Dkt. 9). As set forth below, the motion is GRANTED.

This diversity suit arises out of claims for coverage under a Texas automobile insurance policy issued to Norman and Pamela Thompson. Plaintiffs Pamela Thompson and Johnny Spannagel (Thompson's father) claim that they are "covered persons" under State Farm's insurance policy number 484-1026-D24-43Q and seek to recover underinsured motorist benefits, after sustaining injuries during an accident on July 20, 2008.

In its motion to dismiss, Defendant seeks dismissal of Thompson's and Spannagel's claims for breach of contract, violation of the Prompt Payment of Claims Act and attorney's fees. Defendant filed its motion on August 9, 2013. After the motion had been pending for more than five months without a response, the Court issued an order stating that, if Plaintiffs failed to file a response by January 15, 2014, the Court would assume they were not opposed to the relief requested and

proceed accordingly. Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L. R. CV-7(d). Plaintiffs have not filed a response to the motion or otherwise amended their complaint to address the deficiencies raised by the motion.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570,

127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

The Court has reviewed Defendant's dismissal arguments and finds that they are well-founded and supported by applicable authority.

In its motion, Defendant argues that Thompson's and Spannagel's claims for breach of contract should be dismissed because they do not – and cannot – allege facts showing that they have obtained a judgment establishing that they are "legally entitled to recover" damages from an underinsured motorist. As noted by Defendant, in Texas, "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). In this case, Plaintiffs do not allege that they have obtained any judgment regarding the underinsured motorist and have presented no argument or authorities to show why their breach of contract claim should survive. The breach of contract claim is therefore dismissed.

Next, Defendant argues that Thompson's and Spannagel's claim for attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Codes should be dismissed because, in the absence of a judgment establishing their legal entitlement to recover damages from the motorist, they

have not presented a valid claim for State Farm to pay.  Given the lack of objection by Plaintiffs and having considered the authorities set forth by Defendant in its motion, the claim for attorney's fees is dismissed.

Finally, Defendant argues that Thompson and Spannagel's claims under the Prompt Payment of Claims Act should be dismissed because, in the absence of a judgment establishing their legal entitlement to recover damages from the motorist, Plaintiffs have not given State Farm notice of a claim which must be paid.  Again, Plaintiffs have offered the Court no authority to show why their Prompt Payment of Claims Act claims should not be dismissed based on the lack of judgment establishing their legal entitlement to recover damages from the motorist.

Defendant State Farm's Rule 12(b)(6) Motion for Partial Dismissal for Failure to State a Claim (Dkt. 9) is GRANTED.  Plaintiffs Pamela Thompson's and Johnny Spannagel's claims against State Farm Mutual Automobile Insurance Company for 1) breach of contract, 2) attorney's fees, and 3) violation of the Prompt Payment of Claims Act, Texas Insurance Code, Chapter 542, Subchapter B are hereby DISMISSED for failure to state a claim.

As stated by Defendant – and unopposed by Plaintiffs – Plaintiffs' only remaining claim is their direct action against State Farm to establish the negligence, damages, and the underinsured status of the motorist for the purpose of making a UIM claim.

**SO ORDERED.**
**SIGNED this 30th day of January, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE